it error to have permitted the jury to pass upon the quality of the acts of the defendant in respect to its good or bad faith. Further, the plaintiff's counsel persistently injected into the trial proof of negotiations between the plaintiff's representative and the representative of the defendant looking to a settlement of the plaintiff's case. This was prejudicial and was so recognized by the counsel for the plaintiff at the time the questions were asked and the evidence introduced, the counsel after an objection to one of his questions expressly saying, " I am trying to make it prejudicial, it should be prejudicial." The testimony was wholly incompetent. All concur, except Cunningham, J., who dissents and votes for affirmance. (The judgment is for plaintiff in an action under a liability insurance policy. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

JOHN YENES, an Infant, by ANNA YENES, His Guardian ad Litem, Respondent, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

ANNA YENES, as Administratrix, etc., of STANLEY YENES, Deceased, Respondent, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

ROBERT RONEY, Respondent, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

OTTO S. McKEE, Respondent, v. PHILIP CATALANO, Respondent, and OLIVETTE CATALANO, Appellant.— Judgment affirmed, with costs. All concur. (The judgment affirms a Buffalo City Court judgment in favor of plaintiff against one defendant and dismissing plaintiff's complaint as to the other defendant in an action to recover fees for medical service.) Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

WINIFRED LYNCH, an Infant, by MINNIE SCHULTZ, Her Guardian ad Litem, Appellant, v. FRANCIS SELKIRK, Respondent.— Judgment affirmed, with costs. All concur, except Crosby, J., who dissents and votes for reversal on the law and for granting a new trial. (The judgment is for respondent in an automobile negligence action.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

MINNIE SCHULTZ, Appellant, v. FRANCIS SELKIRK, Respondent.— Judgment affirmed, with costs. All concur, except Crosby, J., who dissents and votes for reversal on the law and for granting a new trial. (The judgment is for respondent in an automobile negligence action.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

ANNA NASCA, as Administratrix, etc., of NICHOLAS NASCA, Deceased, Respondent, v. ST. MARY'S ROMAN CATHOLIC CHURCH SOCIETY OF DUNKIRK, NEW YORK, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages for death of plaintiff's intestate caused by a defective scaffold. The order denies a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.